**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TOMMY LEE JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:04-CV-409 CAS |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on state prisoner Tommy Lee Jordan's action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. This case was referred to United States Magistrate Judge Terry I. Adelman for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

On September 7, 2007, Judge Adelman filed a Report and Recommendation of United States Magistrate Judge which recommended that Jordan's petition for writ of habeas corpus be denied. Petitioner sought and was granted additional time to file objections to the Report and Recommendation by October 23, 2007. On October 23, 2007, petitioner sought leave to file objections that were 169 pages in length. By Order dated October 25, 2007, the Court denied leave to file the objections, but granted petitioner until November 15, 2007 to file objections not to exceed 80 pages in length. (Doc. 23). Petitioner filed objections on November 15, 2007. (Docs. 25, 26). The respondent filed a response to the objections on December 14, 2007 (Doc. 27, titled "Reply"), and petitioner filed a reply memorandum on January 6, 2008 (Doc. 28). The matter is now ready for review by this Court.

The Court has conducted a de novo review of the entire record of this matter, including the underlying state court record, the parties' briefing, the report and recommendation, petitioner's objections, and the response and reply thereto. After careful consideration following de novo review, the Court concurs in the recommendation of the Magistrate Judge and therefore will adopt the same and deny Jordan's habeas petition.[1]

The Court will add that petitioner's self-described "systematic critique of Missouri post-conviction relief" process and "full-bore defense against the use of Missouri PCR to bar federal constitutional grievances," Reply Mem. at 4 (Doc. 28), cannot be the basis for relief in a federal

---

[1]The Court will modify the Report and Recommendation on one point, which does not change the outcome of this case. The Report and Recommendation stated that petitioner's Ground 10 was adjudicated on the merits by the Missouri Court of Appeals in the post-conviction relief proceedings. See Report and Recommendation at 48. The Court concludes that the state appellate court disposed of Ground 10 based on state procedural grounds which are firmly established and regularly followed. Because Ground 10 was not addressed on the merits by the last state court to review the claim, it is procedurally barred. See Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). Petitioner has not established cause and prejudice or actual innocence to excuse the procedural default. As a result, he cannot present the claim for federal review:

> A federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate nonfederal grounds, including state procedural grounds. Reagan v. Norris, 279 F.3d 651, 656 (8th Cir. 2002). A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court, unless the prisoner can show cause and prejudice for the default, or actual innocence. Coleman v. Thompson, 501 U.S. 722, 750 (1991). In other words, a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards. Murray v. Carrier, 477 U.S. 478, 493-96 (1986).

Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004).

The Report and Recommendation is therefore modified in accordance with the foregoing, with respect to Ground 10.

habeas proceeding. Petitioner's various arguments and claimed deficiencies in the Missouri post-conviction proceedings all represent claimed due process violations in varying degrees. The Eighth Circuit Court of Appeals has long recognized "that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings." Kenley v. Bowersox, 228 F.3d 934, 938 (8th Cir. 2000).

The Eighth Circuit reasoned that habeas review under 28 U.S.C. § 2254 is limited to the question of whether a petitioner was *in custody* in violation of the Constitution or laws or treaties of the United States, Kenley, id., and that an attack on the procedure employed in the state post-conviction proceeding does not test the legality of a prisoner's sentence. The Eighth Circuit based its conclusions on numerous cases which have held that a § 2254 court is not the appropriate forum for a prisoner who wishes to challenge the process afforded to him in his post-conviction proceeding. Id., see Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir.) (procedural errors in post-conviction proceeding do not raise constitutional claims cognizable in habeas corpus proceedings), cert. denied, 451 U.S. 990 (1981); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.) (post-conviction proceeding is collateral to petitioners' conviction and detention and is not a cognizable habeas claim), cert. denied, 495 U.S. 936 (1990); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir. 1989) (same). Although the Eighth Circuit's opinion in Kenley was later vacated, see Kenley v. Bowersox, 234 F.3d 1339 (8th Cir. 2000), the case law upon which it relied remains the law in this Circuit.

The Eighth Circuit has stated that "infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction." Williams, 640 F.2d at 143. "Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's

3

detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings." Id. at 143-44. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even assuming some error in the state post-conviction proceedings, this would not entitle petitioner to federal habeas corpus relief because petitioner's claim here represents an attack on a proceeding collateral to his detention, and not on the detention itself. See Williams, 640 F.2d at 143-44 (denial of a post-conviction relief evidentiary hearing not cognizable in a federal habeas corpus proceeding).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge, as modified, is **sustained**, **adopted** and **incorporated** herein. [Doc. 17]

**IT IS FURTHER ORDERED** that Tommy Lee Jordan's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

An appropriate judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of February, 2008.